UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| KAROL D. MAGISTRELLI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1223 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| LINDA SLAKTOKI, et al., | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is an action brought by a *pro se* plaintiff. Named as defendants are plaintiff's sister (Linda Slaktoki), her brother-in-law (Walter Slaktoki), and a number of municipal police departments. The handwritten complaint and attached exhibits span more than 100 pages. (docket # 1). The complaint, scribbled in a stream-of-consciousness style, alleges that all defendants conspired with each other and with outsiders (such as banks) in an effort to violate plaintiff's rights. Beyond that, the complaint is unintelligible. Although plaintiff relies principally on federal criminal laws, she also mentions 42 U.S.C. § 1983 as a basis for this court's jurisdiction. The complaint's prayer for relief includes a request for the immediate apprehension and incarceration of plaintiff's sister (*Id.* at ID# 105), and in a separate document (docket # 2), plaintiff sets forth a long list of demands, including damages in excess of $4 million (*Id.* at ID#s 113-16).

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2).  An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations.  490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim.  *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).  In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## Discussion

After careful review of the complaint, this court concludes that it is frivolous within the meaning of *Neitzke v. Williams*, 490 U.S. 319 (1989).  A complaint is frivolous under this standard where it lacks an arguable basis either in law or fact.  *Id.* at 325.  Legally, plaintiff states

no conceivable claim against any defendant. A claim under 42 U.S.C. § 1983 may be brought only against a person acting under color of state law. *See Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 294-95 (2001). Plaintiff's lengthy complaint alleges no facts tending to show that the individual defendants (her sister and brother-in-law) act under color of state law. Although municipal defendants clearly act under color of state law, they are not responsible for the acts of their employees on a *respondeat superior* theory. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a city is only liable when its own customs or policy inflict a constitutional injury. *Id.* Plaintiff's complaint identifies no such basis for municipal liability.

Factually, the complaint is utterly frivolous. Vague allegations of conspiracy, unadorned by supporting facts, do not state an actionable claim under section 1983. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Beyond that, the factual allegations of the complaint truly appear fantastic or delusional, and therefore are frivolous within the meaning of the statute. *See Neitzke*, 490 U.S. at 327-28. Bringing a civil rights action for the express purpose of having your sister incarcerated is the very definition of a frivolous lawsuit.

## Conclusion

Plaintiff's complaint is both legally and factually frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B). This action will therefore be dismissed as frivolous. Leave to appeal *in forma pauperis* will be denied on the same basis.


Dated: November 21, 2013                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE